The Honorable James G. Dietz State Representative 7520 Highway 107 North Little Rock, Arkansas 72116
Dear Representative Dietz:
This is in response to your request for an opinion on two questions concerning the operation of county government. Specifically, your two questions are as follows:
 1. Should a sheriff or other county official be asked to go before a quorum court to fill the vacancy of a budgeted employee who has resigned or been terminated?
 2. Should a sheriff or other county official need to go before a quorum court for approval before purchasing equipment that has been previously budgeted?
It is my opinion that the answer to your first question is "no," so long as the "sheriff or other county official" is elected and the employee who has resigned or has been terminated is not. It is my opinion that the answer to your second question is generally "no," although this question may depend upon the particular facts.
In response to your first question, Amendment 55, § 3 gives elected county officials the authority to hire their employees. See also A.C.A. § 14-14-704(3) and A.C.A. § 14-14-1102(b)(5). The provision actually discusses the power of the county judge, and gives the county judge the authority to hire county employees, "except those persons employed by other elected officials of the county." Elected county officials thus have the authority to "fill vacancies" in positions arising in their departments. If, however, the county official in question is not elected, it appears that generally the county judge has the authority to fill the position. Additionally, if the position to be filled is an elected one, the quorum court fills any vacancy which may occur. Amendment 55, § 4.
Although elected county officials have the authority to hire their own employees, the quorum courts have the authority to set the number and salary of such employees. Amendment 55, § 4. See also A.C.A. § 14-14-308(b)(6). As long as a vacancy occurs in an approved position, however, and the salary has been set, the elected official is not required to consult with the quorum court regarding his selection of the employee.
In response to your second question, it is my opinion that a sheriff or other county elected official need not go before a quorum court for approval before purchasing equipment which has already been "budgeted" as long as there is a validly adopted existing appropriation by the quorum court for the expenditure. I have attached copies of Op. Att'y. Gen. Nos. 89-206 and 89-365, which discuss this issue and the constitutional ramifications on separation of powers grounds, of a quorum court's attempted exercise of control over expenditures of other county elected officials. It should be recognized, however, that the quorum court has the authority and duty to appropriate county funds, and the statutory authority to "adopt, amend, or repeal an appropriation ordinance which incorporates by reference the provisions of any county budget or portion of a county budget . . . without setting forth the provisions of the adopted budget in full." A.C.A. § 14-14-907(b). As the enclosed opinions note, the resolution of the issue may turn upon the particular facts surrounding a proposed expenditure.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh